**UNITED STATES of America, Plaintiff–Appellee**

v.

**Claudia Yadira GONZALEZ, also known as Claudia Yadira Lazo, Defendant–Appellant.**

**No. 12–41196 Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Aug. 16, 2013.

Renata Ann Gowie, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Margaret Christina Ling, Assistant Federal Public Defender, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM: *

Claudia Yadira Gonzalez appeals her 30–month sentence for making a false statement in connection with the acquisition of a firearm. Gonzalez purchased a total of four firearms on separate occasions at the behest of another individual, Jose Manuel

---

Mendez, who recruited her to make the purchases; Gonzalez indicated that she knew that the weapons were to be transported to Mexico. She challenges the district court's finding that she was not a minor participant in the offense under U.S.S.G. § 3B1.2.

The district court held Gonzalez accountable only for the four firearms she purchased. Additionally, the court held her accountable for trafficking the firearms because she transferred them to Mendez knowing that they would be exported to Mexico.

Gonzalez's role with respect to the conduct for which she was held accountable was only slightly less than that of Mendez. *See United States v. Garcia*, 242 F.3d 593, 598–99 (5th Cir.2001). As the district court noted, she engaged in a pattern of conduct rather than a one-time purchase of firearms. Gonzalez was thus not "substantially less culpable" than Mendez, and her role was not peripheral to the pertinent firearm transactions. *See United States v. Villanueva*, 408 F.3d 193, 203–04 (5th Cir. 2005). Accordingly, we find no clear error. *See id.* The judgment of the district court is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.